# Exhibit A



# Notice of Service of Process

AZF / ALL
Transmittal Number: 12704945
Date Processed: 07/07/2014

| | |
|---|---|
| **Primary Contact:** | Milana Ashirov<br>Midland Credit Management, Inc.<br>3111 Camino del Rio North<br>Suite 1300<br>San Diego, CA 92108 |
| **Entity:** | Midland Funding LLC<br>Entity ID Number  2618148 |
| **Entity Served:** | Midland Funding LLC |
| **Title of Action:** | Clara Mason vs. Midland Funding LLC |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Violation of State/Federal Act |
| **Court/Agency:** | Wyandotte County District Court, Kansas |
| **Case/Reference No:** | 14LM3184 |
| **Jurisdiction Served:** | Kansas |
| **Date Served on CSC:** | 07/07/2014 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | A.J. Stecklein<br>913-371-0727 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

| | FOR CLERK'S USE ONLY |
|---|---|

**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**LIMITED ACTIONS DEPARTMENT**

PLAINTIFF         PHONE NO: (913) 371-0727

Clara Mason

748 Ann Avenue
ADDRESS
Kansas City          Kansas          66101
CITY                 STATE           ZIP

Vs        DEFENDANT

Midland Funding LLC

3111 Camino Del Rio North Suite 1300
ADDRESS
SAN DIEGO, CA 92108
CITY                 STATE           ZIP

Case No. 14LM 3184  Division No 13

**LIMITED ACTION**
PURSUANT TO K.S.A. CHAPTER 61
**SUMMONS**

**You must be present in Court on the** 3rd **day of** Sept **, 20** 14 **at** 9 **a.m., or file your answer before said time and date.** If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

**TO THE ABOVE NAMED DEFENDANT(S):**
YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.
**If you do not obey this summons**, judgment by default will be taken against you for the relief demanded in the petition. Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.
**If you are not represented by an attorney your answer shall be signed by you.** The answer shall state the following:
   (1) What the dispute is, (2) any affirmative defenses you have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.
**You must also promptly send a copy of your** answer to the Plaintiff's **attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: 7·3·14

_____
Clerk of the District Court/Deputy

Return is due no later than 5 days before the date stated in the summons for the Defendant to either appear or plead to the petition.

-----------------------------------RETURN ON SERVICE OF SUMMONS-----------------------------------
I hereby certify under oath that I served this summons
   ☐ **PERSONAL SERVICE**: By delivering a copy of said summons and a copy of the petition to the defendant on _____, 20_____
   ☐ **RESIDENCE SERVICE**: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on _____, 20_____ with _____, a person of suitable age and discretion therein at _____
   ☐ **AGENT SERVICE**: By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20_____
   ☐ **RESIDENCE SERVICE MAILING**: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____, 20_____ at _____
   ☐ **CERTIFIED MAIL SERVICE**: By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____, 20_____. The name and address on the envelope read: _____

   ☐ **NO SERVICE**: The defendant was not found in this county.

Dated_____                              By_____
Process Server Signature

|  | FOR CLERK'S USE ONLY |
|---|---|

# DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
**LIMITED ACTIONS DEPARTMENT**

PLAINTIFF        PHONE NO: (913) 371-0727

Clara Mason

748 Ann Avenue
ADDRESS
Kansas City         Kansas         66101
CITY          STATE         ZIP

Vs     DEFENDANT

Midland Funding LLC

3111 Camino Del Rio North Suite 1300
ADDRESS
SAN DIEGO, CA 92108
CITY          STATE         ZIP

Case No. 14 LM 3184  Division No 13

## LIMITED ACTION
PURSUANT TO K.S.A. CHAPTER 61
### SUMMONS

You must be present in Court on the **3rd** day of **Sept**, 20**14** at **9** a.m., or file your answer **before said time and date.** If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

### TO THE ABOVE NAMED DEFENDANT(S):
YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.
**If you do not obey this summons,** judgment by default will be taken against you for the relief demanded in the petition. Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.
**If you are not represented by an attorney** your answer shall be signed by you. The answer shall state the following:
  (1) What the dispute is, (2) any affirmative defense you have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.
**You must also promptly send a copy of your answer to the Plaintiff's attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: **7·3·14**                      _____
                                        Clerk of the District Court/Deputy

Return is due no later than 5 days before the date stated in the summons for the Defendant to either appear or plead to the petition.

------RETURN ON SERVICE OF SUMMONS------
I hereby certify under oath that I served this summons
  ☐ **PERSONAL SERVICE:** By delivering a copy of said summons and a copy of the petition to the defendant on _____, 20____
  ☐ **RESIDENCE SERVICE:** By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on _____, 20____ with _____, a person of suitable age and discretion therein at _____
  ☐ **AGENT SERVICE:** By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20____
  ☐ **RESIDENCE SERVICE MAILING:** By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____, 20____ at _____
  ☐ **CERTIFIED MAIL SERVICE:** By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____, 20____. The name and address on the envelope read: _____
  ☐ **NO SERVICE:** The defendant was not found in this county.

Dated_____                    By_____
Process Server Signature

| | FOR CLERK'S USE ONLY |
|---|---|

**DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS**
**LIMITED ACTIONS DEPARTMENT**

PLAINTIFF          PHONE NO: (913) 371-0727

Clara Mason

748 Ann Avenue
ADDRESS
Kansas City           Kansas           66101
CITY                  STATE            ZIP

Vs     DEFENDANT

Midland Funding LLC

3111 Camino Del Rio North Suite 1300
ADDRESS
SAN DIEGO, CA 92108
CITY                  STATE            ZIP

Case No. 14 LM 3184  Division No. 3

**LIMITED ACTION**
PURSUANT TO K.S.A. CHAPTER 61
**SUMMONS**

You must be present in Count on the __3rd__ day of __Sept__, 20__14__ at __9__ a.m., or file your answer before said time and date. If you appear and dispute the petition you must file your answer with the clerk of this Court within 10 days thereafter. If you are served outside of Kansas you may file your answer in writing within 30 days after service of summons upon you.

**TO THE ABOVE NAMED DEFENDANT(S):**
YOU ARE HEREBY NOTIFIED that an action has been commenced against you in this Court. You must answer to the petition, which is herewith served upon you, and serve a copy of your answer upon Plaintiff's attorney **A.J. Stecklein, 748 Ann Avenue, Kansas City, Kansas 66101,** within the time specified above.
**If you do not obey this summons,** judgment by default will be taken against you for the relief demanded in the petition. Your responsive pleading may state as a counterclaim any related claim you may have against the Plaintiff.
**If you are not represented by an attorney your answer shall be signed by you.** The answer shall state the following:
 (1) What the dispute is, (2) any affirmative defenses you may have to the claim, (3) Any claim you have against the Plaintiff which arises out of the transaction or occurrence which is the subject of the Plaintiff's claim, and (4) Your or your attorney's current address, phone number, facsimile number and electronic mail address.
**You must also promptly send a copy of your answer to the Plaintiff's attorney or the Plaintiff, if the Plaintiff has no attorney.**

Dated: __7·3·14__                         _____
                                          Clerk of the District Court/Deputy

Return is due no later than 5 days before the date stated in the summons for the Defendant to either appear or plead to the petition.

---RETURN ON SERVICE OF SUMMONS---

I hereby certify under oath that I served this summons
 ☐ PERSONAL SERVICE: By delivering a copy of said summons and a copy of the petition to the defendant on _____, 20____
 ☐ RESIDENCE SERVICE: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant on _____, 20____ with _____, a person of suitable age and discretion therein at _____
 ☐ AGENT SERVICE: By delivering a copy of said summons and a copy of the petition to the agent _____, authorized by appointment or by law to receive service of process on _____, 20____
 ☐ RESIDENCE SERVICE MAILING: By leaving a copy of said summons and a copy of the petition at the usual place of residence of the defendant and mailing by first-class mail a notice that such copies have been left on _____, 20____ at _____
 ☐ CERTIFIED MAIL SERVICE: By mailing, by first class mail, postage prepaid, a copy of said summons and a copy of the petition to the defendant on _____, 20____. The name and address on the envelope read: _____.
 ☐ NO SERVICE: The defendant was not found in this county.

Dated _____                              By _____
Process Server Signature

In the District Court of Wyandotte County, Kansas
Limited Actions Division

FILED
2014 JUL -3 AM 10: 52
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY _____ DEPUTY

Clara Mason

    Plaintiff,

vs.

Midland Funding LLC,

    Defendant.

Case No.: 14 LM 3184
Division: 13

9/3

## PETITION

### COUNT I
(Assessing and reporting interest for which Defendant is not entitled by contract or law - Violation of the Fair Debt Collections Practices Act – 15 U.S.C. §1692 et seq.)

Comes now Plaintiff Clara Mason and for Plaintiff's petition against Defendant Midland Funding LLC hereby alleges as follows:

1. Plaintiff is a natural person residing in Kansas.

2. Defendant regularly conducts business in the state of Kansas.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(2) and is alleged to have owed a "debt" of a personal, family, or household nature, as defined by 15 U.S.C. §1692a(5).

4. Defendant is regularly engaged in the third-party collection of consumer debt and are "debt collectors" as defined by the Fair Debt Collection Practices Act (hereafter FDCPA), at U.S.C. §1692a(6).

5. Defendant is engaged in the business of purchasing and collecting "charged-off" consumer accounts alleged to have been originally owed to others

(hereinafter "originating creditor").

6. On March 2014, Defendant reported to a credit reporting agency, Experian, that it has purchased a consumer account from Metabank and, pursuant to that purchase, and Defendant now alleges that it stands in the shoes of Metabank and is entitled to enforce the account pursuant to that purchase.

7. On March 2014, Defendant reported to a credit reporting agency, Experian, that the amount owed was $662.0000 as of March 2014.

8. On the same credit report, the creditor from whom Defendant purported to purchase the debt, Metabank, reported that it had charged off the debt at an amount less than $662.0000.

9. Therefore, Defendant had assessed interest on the alleged debt after it was charged off by the original creditor, Metabank.

10. The Truth in Lending Act (TILA) regulates the type of account at issue in this case.

11. TILA requires a creditor to send periodic statements to the debtor each billing cycle if there is an outstanding balance on an account where finance charge is imposed. 15 U.S.C. § 1637(b).

12. That required periodic statement must contain certain required information which describes what and how the creditor is assessing interest and finance charges. 15 U.S.C. § 1637(b).

13. Consistent with 15 U.S.C. § 1637(b), Regulation Z also requires creditors to "mail or deliver a periodic statement as required by [12 C.F.R.] § 226.7 for each billing cycle at the end of which an account has a debit or credit balance of more than

$1 or on which a finance charge has been imposed." *Id.* at § 226.5(b) (2)(i).

14. However, Regulation Z provides exceptions to this requirement that periodic statements be sent and enables creditors to *not* send those required periodic statements if the creditor does certain things.

15. One of those exceptions is if the creditor has charged-off the account in accordance with loan-loss provisions and <u>will not charge any additional fees or interest on the account</u>. *Id.* at § 226.5(b) (2)(i).

16. Therefore, under applicable regulations, Metabank was required to send periodic statements to Plaintiff until it "charged-off the account in accordance with loan-loss provisions and will not charge any additional fees or interest on the account" 12 C.F.R. § 226.5(b)(2)(I).

17. Previous to the alleged purchase of the account by the Defendant from Metabank, Metabank charged-off an account alleged to have been incurred by Plaintiff.

18. Because Metabank had charged-off the account, it was not required to send periodic statements to Plaintiff as would otherwise be required by law.

19. Therefore after charging-off the account, Metabank did not send any billing statements regarding the account to the debtor.

20. Metabank took advantage of the charge off exception to enable it not to be required by send periodic billing statements.

21. The legal tradeoff for entitling Metabank to take advantage of the charge off exception is that it was precluded by law from charging any additional fees or interest on the account.

3

22. Therefore, after the account was written off, Metabank was precluded by law from charging additional fees or interest on the account because it had not sent out the periodic statements.

23. Furthermore, Metabank had therefore waived its right to charge interest on the charged off account. *Simkus v. Cavalry Portfolio Services, LLC*, 2012 WL 1866542 2012; *McDonald v. Asset Acceptance LLC*, Case No. 2:11-cv-13080, ED Michigan 2013.

24. Defendant professes to be in the same shoes as Metabank.

25. Defendant would not acquire any greater rights than Metabank had at the time of the alleged purchase.

26. At the time of the alleged purchase, Metabank did not have the legal right to charge interest.

27. There is no legal basis for Defendant to charge interest on the charged-off account for which Metabank failed to maintain periodic statements.

28. By assessing interest as due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692f which prohibits a debt collector from the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

29. By reporting that interest was due for which there was no legal basis, Plaintiff violated 15 U.SC. 1692e(a)8 which prohibits a debt collector from communicating or threatening to communicate to any person credit information which is known or which should be known to be false.

30. The Plaintiff was attempting to collect a consumer debt as defined by 15 USC §1692a(5) as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

31. The standard in determining whether the Plaintiff violated the FDCPA is the least sophisticated consumer standard. Claims should be viewed from the perspective of a consumer whose circumstances make him relatively more susceptible to harassment, oppression or abuse. *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 237 (2nd Cir. 1998); *Swanson v. Southern Oregon Credit Service*, 869 F.2d 1222, 1225-27 (9th Cir. 1988); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1172-75 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

32. The above-described acts are misleading to the least sophisticated consumer.

33. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

34. As a result of the above violations of the stated Act, the Defendant is liable to the Plaintiff for actual damages; statutory damages up to $1,000.00 pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for actual damages; statutory damages pursuant to 15 U.S.C. §1692k; costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and for such other and further relief as may be just and proper.

## COUNT II
## VIOLATION OF KANSAS CONSUMER PROTECTION ACT

COMES NOW Defendant, and as for Count II against Defendant, states and alleges as follows:

35.   Plaintiff incorporates herein the preceding paragraphs as though fully set forth hereunder.

36.   Plaintiff is a consumer as defined by K.S.A. §50-624(b) of the Kansas Consumer Protection Act (KCPA).

37.   Defendant is a supplier of consumer products as defined by K.S.A. §50-624 and is subject to the requirements and provisions of the Kansas Consumer Protection Act.

38.   The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c).

39.   K.S.A §50-626 provides that "(a) No supplier shall engage in any deceptive act or practice in connection with a consumer transaction."

40.   The above-described actions of Defendant violated section K.S.A. § 50-626(b)(1) by falsely making *representations made knowingly or with reason to know that: (A) property or services have sponsorship, approval, accessories, characteristics, ingredients, uses, benefits or quantities that they do not have; and that (B) the supplier has a sponsorship, approval, status, affiliation or connection that the supplier does not have.*

41.   Furthermore, K.S.A §50-627 provides that "(a) No supplier shall engage in any unconscionable act or practice in connection with a consumer transaction. An

6

unconscionable act or practice violates this act whether it occurs before, during or after the transaction."

43. In determining whether an act or practice is unconscionable, K.S.A §50-626 provides that the Court shall consider circumstances of which the supplier knew or had reason to know, such as, but not limited to the following that:

> *(1) The supplier took advantage of the inability of the consumer reasonably to protect the consumer's interests because of the consumer's physical infirmity, ignorance, illiteracy, inability to understand the language of an agreement or similar factor; and*
>
> *(6) the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.*

43. Defendant's acts and omissions as described herein are deceptive pursuant to K.S.A. §50-626 and unconscionable pursuant to K.S.A. §50-627.

44. By virtue of the actions of Defendant, Plaintiff was aggrieved by virtue of the imposition of some burden or obligation that federal law was designed to alleviate.

45. Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

46. Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

47. Because of Defendant's deceptive acts, is an aggrieved consumer, has been harmed, has incurred actual damages, and has incurred attorney fees.

WHEREFORE, Plaintiff respectfully prays for judgment on Count II against Defendant and requests the Court:

a. Award actual damages and restitution to Plaintiff;

b. If actual damages are less than $10,000.00, award statutory damages in an amount determined by the Court up to $10,000.00 per violation pursuant to K.S.A.

7

§50-634(b) and K.S.A. §50-636 for each and every violation of the Kansas Consumer Protection Act;

c. Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

d. Such other and further relief as the Court deems just and equitable.

Respectfully Submitted,
ATTORNEYS FOR PLAINTIFF

/s/ A.J. Stecklein

A.J. STECKLEIN #16330
MICHAEL RAPP # 25702
Consumer Legal Clinic, LLC
748 Ann Ave
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile: (913) 371-0147
Email: aj@kcconsumerlawyer.com
mr@kcconsumerlayer.com

8

Consumer L
748 Ann Avenue
Kansas City, Kansas 66101

CERTIFIED MAIL

7014 0150 0000 1822 8003

$7.40
US POSTAGE
FIRST-CLASS
062S0006727656
66101

Midland Funding LLC
Registered Agent:
Corporation Service Company
2900 SW Wanamaker Drive, Suite 204,
Topeka, Kansas 66614